

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-4046
Re: Authority of the Comptroller
to credit a tax assessor-col-
lector's account for taxes
reported delinquent when list
of delinquents is not accom-
panied by the certificate of
the commissioners' court re-
quired by Article 7263.

This will acknowledge receipt of your letter of Septem-
ber 27th, requesting the opinion of this department upon the
matter summarized in the caption hereof. We quote the body of
your letter in full as follows:

"We are enclosing copies of the forms prescrib-
ed by this Department for the tax assessor-collector
to use each year in reporting unpaid personal prop-
erty taxes delinquent.

"Sometimes the commissioners' court refuses to
approve the tax assessor-collector's report of the
delinquent insolvent taxes, because of the certifi-
cate we have prescribed for them to sign. You will
note that the certificate refers to several articles
of the Revised Civil Statutes, and possibly amend-
ments to some of them. These articles, in a way, state
the kind of certificate to be made by the tax assessor-
collector and the certificate to be made by the com-
missioners' court.

"A few days ago we received Form 16 wherein the
commissioners' court had changed their certificate
before they approved the supplement. A copy of the
form of their certificate is enclosed.

Mr. George H. Sheppard, Page 2

"Due to the special provisions of the articles referred to on the forms we have prescribed and due to the fact that the Comptroller is prohibited from crediting the tax assessor-collector's account with the taxes reported delinquent, except under certain conditions, we shall ask that you advise us whether or not we would have the authority to credit the tax assessor-collector's account with the taxes he has reported delinquent by accepting the certificate written by the commissioners' court of this particular county.

"We shall also appreciate your advising us whether or not we should make any changes in the affidavit and the form of certificate we have prescribed."

The pertinent portion of the certificate which appears on your Form 16 to be executed by the members of the commissioners' court reads as follows:

"This is to certify, that the within delinquent and insolvent list has been examined by the commissioners' court and that the persons whose names appear thereon have no property out of which to make the taxes assessed aginst them or have moved out of the county, or no property can be found in the county belonging to such persons out of which to make taxes due (See Art. 7263, R. S. 1925), and that _____ assessor and collector is entitled to credit as shown thereon as follows, to-wit:"

This certificate is preceded on your form by the affidavit of the assessor and collector to the effect that the within list of delinquent and insolvent taxpayers is correct, that he has exhausted all resources to collect the taxes shown and that he is entitled to credit the same as uncollected taxes, as required by the statutes therein listed.

As changed by the commissioners' court in question the certificate of the commissioners' court is made to read as follows:

"This is to certify, that the within delin-
quent and insolvent list has been examined by the
commissioners' court and in reliance upon the a-
bove affidavit, _____, assessor and collector
is entitled to credit as shown thereon as follows,
to-wit:"

We quote Article 7263, Revised Civil Statutes 1925,
which sets out the requirements of the certificate to be signed
by the commissioners' court as follows:

"The tax collector shall make out on forms
to be furnished for that purpose by the Comptroller,
between April first and the fifteenth of each year,
list of delinquent or insolvent taxpayers, the cap-
tion of which shall be, the 'list of delinquent or
insolvent taxpayers.' In this list he shall give
the name of the person, firm, company or corporation
from whom the taxes are due, in separate columns;
and he shall post one copy of those delinquent or
insolvent lists at the courthouse door of the county,
and one list at the courthouse door, or where court
is usually held, in each justice precinct in his
county; and the tax collector, upon the certificate
of the commissioners' court that the persons appear-
ing on the insolvent or delinquent lists have no prop-
erty out of which to make the taxes assessed against
them, or that they have moved out of the county, and
that no property can be found in the county belonging
to such persons, out of which to make the taxes due,
shall be entitled to a credit on final settlement of
his accounts for the amounts due by the persons, firms,
companies, or corporations certified to by the commis-
sioners court, as above provided for."

Article 7271, Revised Civil Statutes, 1925, provides
that:

"No tax collector in this State shall be en-
titled to or be allowed either by the county or by
the Comptroller credit as approved by Article 7263
for any taxes reported or returned as either delin-
quent or insolvent * * * until the commissioners'
court of his county, after full consideration and in-

vestigation, has entered upon or attached to both the insolvent lists and lists of delinquent lands the certificate required by said Article 7263 * * *"

It is provided by Section 6 of Article 7260, Revised Civil Statutes, 1925, that the Comptroller shall prescribe and furnish forms to be used by the collector of taxes and shall adopt such regulations as he deems necessary in regard thereto. This section also requires him to "enforce a strict compliance of each provision" of Article 7263 and other Articles therein set out.

We direct your attention to the fact that Article 7263 provides that the tax assessor-collector shall be entitled to credit on final settlement on his accounts only for the amount due from firms, companies or corporations "certified to by the commissioners' court as above provided for."

In view of the plain wording in the above statutes, we are compelled to hold that the certificate submitted by the county commissioners' court is not sufficient and that you must be furnished a certificate which complies with the provisions of Article 7263 before you are authorized to allow credit for the amounts of delinquent taxes due. The certificate printed on your form 16 meets this requirement.

Trusting that we have fully answered your inquiry, we are

APPROVED OCT 22, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Peter Maniscalco
Peter Maniscalco
Assistant

PM:ej

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN
